[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10622
Non-Argument Calendar

_____

BIA No. A79-443-724

GERMAN ANDRES MORALES RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(January 30, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Colombian native and citizen German Andres Morales Rodriguez petitions for review of the Board of Immigration Appeals' (BIA's) affirmation of the immigration judge's (IJ's) order of removal and denial of asylum and withholding of removal under the Immigration and Nationality Act (INA) and the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). Morales Rodriguez asserts neither the IJ, nor the Government, questioned his credibility at his asylum hearing. He further asserts he is eligible for asylum and withholding of removal because he was persecuted as a result of his membership in the social group of business owners and his imputed political opinion. Morales Rodriguez further contends he qualifies for CAT relief because guerilla movements in Colombia, such as the Revolutionary Armed Forces of Colombia (FARC), constitute the government there and because he demonstrated fear under CAT. We deny Morales Rodriguez's petition.

## I. DISCUSSION

A. *Asylum and Withholding of Removal*

As an initial matter, we "'are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.'" *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation omitted). We can review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). Accordingly, we lack

jurisdiction to consider claims not raised before the BIA.  *See Fernandez-Bernal v. Attorney Gen. of the U.S.*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

When the BIA issues a decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion."  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, the BIA did not expressly adopt the decision of the IJ.  To the extent the BIA's decision was based on a legal determination, review is de novo.  *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247–48 (11th Cir. 2001). The BIA's factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the [BIA]'s decision and draw all reasonable inferences in favor of that decision."  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 2245 (2005).  We "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  *Al Najjar*, 257 F.3d at 1284 (11th Cir. 2001) (citation omitted).  With respect to corroborating evidence, the REAL ID Act of 2005 provides, "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."  REAL ID Act of 2005 § 101(e), Pub. L. No. 109-13, 119 Stat. 231, 305 (2005).

3

In order to review a credibility determination, it must first be established the IJ made an adverse credibility finding. *See Yang v. U.S. Attorney Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). "IJ's must make 'clean determinations of credibility.'" *Id.* (citation omitted). Furthermore, in *Yang*, we held the IJ's reference to petitioner's claim as a "ridiculous fabrication" and comment petitioner's testimony was "extremely inconsistent and made absolutely no sense whatsoever" was not an explicit adverse credibility finding. *Id.* (alteration omitted).

An alien who arrives in, or is present in, the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security and the Attorney General have the discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1)(A). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). We have noted that, to establish a claim of persecution on account of the protected ground of political opinion, the petitioner "must establish that the [persecutors] persecuted her or will seek to persecute her in the future *because of* her actual or imputed political opinion. It is not enough to show

4

that she was or will be persecuted or tortured due to her refusal to cooperate with the [persecutors]." *Sanchez v. U.S. Attorney Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (internal citation omitted).

The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(b)(1), (2). To show he has a well-founded fear of future persecution, an alien must demonstrate (1) he fears persecution based a protected ground, (2) there is a reasonable possibility he will suffer persecution if removed to his native country, and (3) he is unable or unwilling to return to that country because of such fear. 8 C.F.R. § 208.13(b)(2). Additionally, "an applicant must demonstrate that his . . . fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289.

An IJ may grant withholding of removal if the IJ decides, that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). The burden of proof is on the alien to show his eligibility for withholding of removal. 8 C.F.R. § 208.16(b). An alien is entitled to withholding of removal if he can establish, with specific and credible evidence:

5

(1) a past threat to life or freedom through proof of past persecution on account of a protected ground, or (2) a future threat to life or freedom if it "is more likely than not" the protected ground will cause future persecution. 8 C.F.R. § 208.16(b)(1), (2). Because this standard is more stringent than the "well-founded fear" standard for asylum, if an applicant is unable to meet the "well-founded fear" standard for asylum, he is generally precluded from qualifying for either asylum or withholding of removal. *Al Najjar*, 257 F.3d at 1292–93.

In this case, Morales Rodriguez did not present to the IJ or the BIA his claim for asylum on account of his membership in a particular social group. Therefore, he has failed to exhaust his administrative remedies with regard to this claim, and we lack jurisdiction to consider it. *See Fernandez-Bernal*, 257 F.3d at 1317 n.13. As a result, we will only consider Morales Rodriguez's claim he was persecuted and has a well-founded fear of persecution in Colombia based on his political opinion.

Morales Rodriguez did not present any corroborating evidence to the IJ, and applying the deferential standard of review from the REAL ID Act, we are not compelled to conclude that any corroborating evidence in support of Morales Rodriguez's claim was unavailable at the time of his hearing. *See* REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. at 305. In addition, neither the IJ nor the BIA made an explicit credibility finding about Morales Rodriguez as described in *Yang*.

6

Therefore, we do not reach the issue of whether the IJ or BIA erred in adversely determining Morales Rodriguez's credibility. *See Yang*, 418 F.3d at 1201.

Furthermore, substantial evidence supports the determination that Morales Rodriguez failed to establish past persecution or a well-founded fear of future persecution based on his political opinion. During his credible fear interview, Morales Rodriguez stated the FARC threatened to kill him if he did not pay the amount ordered. The FARC did not ask him for anything other than money, nor did they ever discuss politics or whether he supported them. In his asylum application, Morales Rodriguez stated the FARC contacted him to pay a "war tax" used to support the FARC's causes and about two weeks later, the FARC investigated him and concluded he was a member of the Liberal Party. Likewise, during his asylum hearing, Morales Rodriguez testified the FARC tried to extort money from him, and only after he failed to pay them the full amount demanded did they declare him a "military objective" who would be killed. Therefore, substantial evidence supports the IJ's conclusion Morales Rodriguez had not met his burden of proving eligibility for asylum because he failed to show that he suffered persecution, or had a well-founded fear of future persecution, on account of his political opinion. *See Sanchez*, 392 F.3d at 438 (explaining although the record contained evidence the FARC harassed a petitioner due to her refusal to cooperate with them, such evidence did not qualify the petitioner for withholding

7

of removal under the INA because she failed to show any nexus between her political opinion and the FARC's persecution).

Accordingly, Morales Rodriguez has failed to meet his burden of proof with respect to his asylum claim. Because he has failed to demonstrate he is eligible for asylum, Morales Rodriguez necessarily has failed to meet the higher burden of proof required for withholding of removal. *See Al Najjar*, 257 F.3d at 1292–93. Therefore, we deny Morales Rodriguez's petition as to his asylum and withholding of removal claims.

B. *CAT Relief*

In order to obtain relief under the CAT, the burden is on the applicant to establish it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). In *Sanchez*, we held in order "[t]o demonstrate eligibility for CAT protection, an applicant must show that it is more likely than not that she will be tortured in her home country at the hands of her government or that her

8

government will acquiesce in the torture," and rejected the applicant's application because she presented no evidence on either point. 392 F.3d at 438. CAT relief carries a higher legal standard than asylum, and thus is very difficult to meet. *Al Najjar*, 257 F.3d at 1303.

There is nothing in the record to suggest, including any allegations by Morales Rodriguez, that he was previously tortured by the FARC with the consent or acquiescence of the Colombian government. Likewise, there is nothing in the record to suggest he "more likely than not" would be tortured by the FARC with the consent or acquiescence of the Colombian government upon his return to Colombia. Consequently, because Morales Rodriguez did not present any evidence that any alleged harm was "inflicted at the instigation of or with the consent or acquiescence of a public official," he has not established eligibility for CAT relief. *See Sanchez*, 392 F.3d at 438.

## II. CONCLUSION

Substantial evidence supports the BIA's decision that Morales Rodriguez is not entitled to asylum, withholding of removal, or CAT relief. We deny Morales Rodriguez's petition for review.

PETITION DENIED.